**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*hand delivered*
CITY ATTY'S OFFICE
1390 MARKET ST.
2022 AUG 16 PM 12:58

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

City of San Francisco, San Francisco Police Department, Eduard Ochoa, Sarah Jones, T. Brophy Does 1 to 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of San Francisco, 400 McAllister Street S.F. CA 94102

**CASE NUMBER:** *(Número del Caso):*
**CGC-22-599577**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr., 1485 Bayshore Blvd. #118 San Francisco CA 94124

DATE: **MAY 11 2022**                Clerk, by                                        , Deputy
*(Fecha)*                              *(Secretario)* JACQUELINE LAPREVOTTE          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]  [Save this form]   [Clear this form]

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Lenika Howard<br>1485 Bayshore Blvd. #118<br>San Francisco CA 94124<br>TELEPHONE NO: 415-891-2101    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): Lch.newlife@gmail.com<br>ATTORNEY FOR (Name): In Pro Per | FOR COURT USE ONLY<br><br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>MAY 11 2022<br><br>CLERK OF THE COURT<br>BY: JACQUELINE LA PREVOTTE<br>            Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco 94102<br>BRANCH NAME: Civil | |
| PLAINTIFF: Lenika Howard, Rameia Appleton, Khayum Richard-Howard, Terry Franklin Jr.<br>DEFENDANT: City of San Francisco, San Francisco Police Dept., E. Ochoa, S. Jones, T. Brophy<br>[x] DOES 1 TO 20 | |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED** (Number):<br>**Type** (check all that apply):<br>[ ] **MOTOR VEHICLE**   [ ] **OTHER** (specify):<br>    [x] Property Damage   [ ] Wrongful Death<br>    [x] Personal Injury    [ ] Other Damages (specify):<br>**Jurisdiction** (check all that apply):<br>[ ] **ACTION IS A LIMITED CIVIL CASE**<br>    Amount demanded  [ ] does not exceed $10,000<br>                     [ ] exceeds $10,000, but does not exceed $25,000<br>[x] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>CGC-22-599577 |

1. **Plaintiff** (name or names): Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr.
   alleges causes of action against **defendant** (name or names):
   City of San Francisco, San Francisco Police Department, Officers Eduard Ochoa, Sarah Jones, T. Brophy
2. This pleading, including attachments and exhibits, consists of the following number of pages:  16
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

**PLD-PI-001**

| SHORT TITLE: Howard v. City of San Francisco, San Francisco Police Dept., E. Ochoa, S. Jones. T. Brophy | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* City of San Francisco
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☒ a public entity *(describe):*
          Local government institution
      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   b. ☒ **except** defendant *(name):* San Francisco Police Dept.
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☒ a public entity *(describe):*
          Local law enforcement agency
      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants *(specify Doe numbers):* 1-20 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: Howard v. City of San Francisco, San Francisco Police Department, E. Ochoa, Sarah Jones, T. Brophy | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a. ☐ Motor Vehicle
    b. ☐ General Negligence
    c. ☒ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other *(specify):*

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☒ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☒ property damage
    f. ☐ loss of earning capacity
    g. ☒ other damage *(specify):*
       Mental and emotional trauma and distress

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☒ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: May 10, 2022

Lenika Howard
(TYPE OR PRINT NAME)

*(signature)*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

For your protection and privacy, please press the Clear This Form button after you have printed the form.  [Print this form] [Save this form] [Clear this form]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Lenika Howard<br>1485 Bayshore Blvd.#118 San Francisco CA 94124<br>TELEPHONE NO.: 415-891-2101  FAX NO. *(Optional):*<br>E-MAIL ADDRESS: Lch.newlife@gmail.com<br>ATTORNEY FOR *(Name):* In Pro Per | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>San Francisco County Superior Court<br><br>MAY 11 2022<br><br>CLERK OF THE COURT<br>BY: JACQUELINE LA PREVOTTE<br>                        Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco 94102<br>BRANCH NAME: Civil | |
| CASE NAME:<br>Howard v. City of San Francisco, San Francisco Police Dept., E. Ochoa, S. Jones, T. Brophy | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CGC-22-599577 |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount       (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 10, 2022

Lenika Howard
*(TYPE OR PRINT NAME)*        ▶ /s/ Lenika Howard
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| SHORT TITLE: Howard v. San Francisco Police Dept., E. Ochoa, S. Jones, T. Brophy, City of San Francisco | CASE NUMBER: | MC-025 |

ATTACHMENT (Number): __1__
(This Attachment may be used with any Judicial Council form.)

1) Printed Name: Kbaylum Richard Howard
Signature: Kbanjum Richard-Howard
Date: 5/10/22

2) Printed Name: Rameia Appleton
Signature: [signature]
Date: 5/11/22

3) Printed Name: Perry Franklin
Signature: [signature]
Date: 5/11/2022

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this attachment are made under penalty of perjury.)

Page __4__ of __4__
(Add pages as required)

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS™

PLD-PI-001(3)

| SHORT TITLE:<br>Howard v. City of S. F., S.F. Police Department, E. Ochoa, T. Brophy, S. Jones | CASE NUMBER |
|---|---|

## CAUSE OF ACTION—Intentional Tort

Page _____

_____ (number)

ATTACHMENT TO  [x] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr.

alleges that defendant *(name):* S an Francisco Police Department, E. Ochoa, T. Brophy, S. Jones, City of San Francisco

[x] Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* April 22, 2021

at *(place):* 37174 Saint Matthew Drive Newark CA 94560

*(description of reasons for liability):*

The Fourth Amendment protects an individual's right to be free from unreasonable searches and seizures by government entities like police departments. During a search warrant initiated and obtained by San Francisco Police Department, the assisting law enforcement agency, Newark Police Department Speacial Weapons and Tactics officers pointed long rifles, also know as "assault rifles" at Ms. Howard and her family members present in her home at the time even though the officers knew the person whom the search warrant was for had already been detained by SFPD at a separate location, and he was not inside Ms. Howard's home at the time Newark PD SWAT approached the home in the overly aggressive mannner. SFPD was the lead agency in the search warrant and the Newark PD SWAT officers were taking directions from SFPD as the lead agency. Newark PD SWAT officers entered Ms. Howard's home without a search warrant and placed Ms. Howard and her family members Khaylum Richard-Howard, Rameia Appleton and minor child Ta'Meia Franklin in danger while pointing their weapons at them unnecessarily. Officers used excessive and unreasonable force on Ms. Howard and her family members due to the false narrative of "violent gang member" E. Ochoa, S. Jones and the SFPD used to describe Ms. Howard's son, Terry Franklin Jr., to the Newark PD SWAT. PLEASE SEE THE ATTACHMENT FOR FURTHER EXPLANATION.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.   [Print this form]  [Save this form]    [Clear this form]

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Howard v City of S.F., S.F. Police Department, E. Ochoa, S. Jones, T. Brophy | |

## CAUSE OF ACTION—Intentional Tort

Page _____

_____ 
(number)

ATTACHMENT TO   [x] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr.

alleges that defendant *(name):* San Francisco Police Department, E. Ochoa, S. Jones, T. Brophy, City of San Francisco

[x] Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* April 22, 2021

at *(place):* 37174 Saint Matthew Drive Newark CA 94560

*(description of reasons for liability):*

Intentional Infliction of Emotional Distress is a state law violation that occurs when someone engages in extreme and outrageous actions that cause another extreme emotional distress. San Francisco Police Department officers, specifically Oficer E. Ochoa and others Ms. Howard does not have names of, falsely labeled Ms. Howard's son, Terry Franklin Jr., a " violeng gang member" without proof of involvement in a gang, proof of arrest for gang activity and without probable casue showing Mr. Franklin's connection to a "violent gang." SFPD officers were operating under a department label that is no longer in operation at the San Francisco Police Department. The Gang Task Force is no longer a department within the SFPD, however on the date in question many officers wore "Gang Task Force" labels on their uniforms/clothing and were operating as a Gang Task Force Unit, in violation of SFPD policy. SFPD brought that narrative of Mr. Franklin being a "violent gang member" to the Newark Police Department SWAT which caused NPD SWAT to treat Ms. Howard and her family as hostile susppects and put the lives of Ms. Howard and her family members at risk. Not to mention the label of "violent gang member" never leaves an individual concerning law enforcement. NPD at the direction of the lead agency, SFPD, through describing Mr. Franklin as a "violent gang member" put a target on Mr. Franklin's back that he will never be able to remove. The Newark PD SWAT pointed guns at Ms. Howard's 2-year-old granddaughter during the execution of the search warrant due to the description of Mr. Howard by SFPD as a "violent gang member.". This behavior was extreme and outrageous because the child was not a threat to any law enforcement on the scene. The actions of the San Francisco Police Department and the actions of the Newark Police Department SWAT put the life of a child in danger. Furthermore, the description of Mr. Franklin as a "violent gang member" caused the Newark PD SWAT to misrepresent Ms. Howard and her family causing the family to be denied California Victim Compensation Benefits after they were the victims of an attempted homicide, potentially associated with the search warrant on April 22, 2021. PLEASE SEE THE ATTACHMENT FOR FURTHER EXPLANATION.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]      [Clear this form]

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| Howard v City of S.F., S.F. Police Department, E. Ochoa, S. Jones, T. Brophy | |

## CAUSE OF ACTION—Intentional Tort

Page _____

_____ (number)

ATTACHMENT TO   [x] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr.

alleges that defendant *(name):* San Francisco Police Department, E. Ochoa, S. Jones, T. Brophy, City of San Francisco

[x] Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* April 22, 2021

at *(place):* 37174 Saint Matthew Drive Newark CA 94560

*(description of reasons for liability):*

Trespass to Chattels and Conversion are state law violations that occur when someone damages, destroys, or takes an individual's personal property. San Francisco Police Officers and Newark Police Officers broke personal property in Ms. Howard's home during the execution of a search warrant at her home. Ms. Howard's property such as an antique item given to her by her mother, a couch pull out bed, a tool storage cabinet with drawers, a fan, and the exterior wall of the courtyard in Ms. Howard's home completely lost their value by being broken and destroyed by SFPD and Newark PD officers durning the search warrant of Ms. Howard's home. Ms. Howard was responsible for repairing the damage created by SFPD and Newark PD officers to the wall of the home she was renting. SFPD and Newark PD officers also damaged Ms. Howard's home surveillance cameras when they repositioned Ms. Howard's home surveillance cameras prior to and during the search warrant. After the SFPD officer repositioned Ms. Howard's camera it fell and broke into pieces and was no longer operable. Newark PD officers were under the direction of and operating as agents of SFPD when Ms. Howard's property was damaged. PLEASE SEE THE ATTACHMENT FOR FURTHER EXPLANATION.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Howard v City of S. F., S. F. Police Department, E. Ochoa, S. Jones, T. Brophy | |

## CAUSE OF ACTION—Intentional Tort          Page _____

_____
(number)

ATTACHMENT TO   [x] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr.

alleges that defendant *(name):* San Francisco Police Department, E. Ochoa, S. Jones, T. Brophy, City of San Francisco

[x] Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* April 22, 2021

at *(place):* 37174 Saint Matthew Drive

*(description of reasons for liability):*

Invasion of Privacy is a state law violation that occurs when someone invades a person's bodily or informational privacy. SFPD officers made inappropriate comments about Ms. Howard when she was using her restroom during the search warrant. Ms. Howard had to relieve herself while waiting for the completion of the search warrant being executed at her home. She was escorted to the restroom in her bedroom by a male SFPD officer. The officer stood by the door where Ms. Howard was undressing and using restroom. She felt extremely uncomfortable while the male officer stood so closely to the restroom door where Ms. Howard was undressing. While in the restroom Ms. Howard heard the voice of another male enter the room and ask the officer who escorted Ms. Howard to the restroom in her bedroom, "What the hell is she doing in there?" Ms. Howard heard the officer reply, "She's taking a piss!" Ms. Howard heard the other male voice say, "What's taking her so long in there, she's been in there for a while." Ms. Howard felt embarassed, frightened because she was alone in the room with two unknown men, and very uncomfortable hearing her bodily functions being discussed by two male officers while she was half dressed in her bathroom. Ms. Howard felt like her privacy was being invaded as the male officers continued to stand by the restroom door while she was relieving herself of her bodily functions. SFPD officers rumaged through Ms. Howard's personal belongings in her room such as her underwear drawers, bathroom medicine cabinet, and threw her belongings onto the floor, creating piles of Ms. Howard's personal property. Ms. Howard was not named in the search warrant, yet her privacy was violated as officers rumaged through Ms. Howard's belongings with no regard. PLEASE SEE THE ATTACHMENT FOR FURTHER EXPLANATION.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

PLD-PI-001(3)

| SHORT TITLE:<br>Howard v City of S. F., S.F. Police Department, E. Ochoa, S. Jones, T. Brophy | CASE NUMBER |
|---|---|

## CAUSE OF ACTION—Intentional Tort

_____ Page _____
(number)

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr.

alleges that defendant *(name):* San Francisco Police Department, E. Ochoa, S. Jones, T. Brophy, City of San Francisco

[X] Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* April 22, 2021

at *(place):* 37174 Saint Matthew Drive

*(description of reasons for liability):*
The entire world was going through the COVID-19 pandemic during the year of 2021. SFPD was under strict mandate to wear N95 masks while on duty, as were all other City and County of San Francisco employees. The entire state of California was under a government mandate to wear face coverings when coming into contact with other people. During the execution of the search warrant on Ms. Howard's home she noticed that SFPD officers were not wearing face coverings as they walked in, out and around her home. She politely requested to Officer T. Brophy to ask that officers wear their face coverings while inside of her home. Officer Brophy was already aggressively standing guard in front of Ms. Howard and her family members, holding his sidearm as he stood in front of them. When Ms. Howard asked Ofc. Brophy to relay the message to the other officers he aggressively held up his free hand in Ms. Howard's face, as his other hand remained rested on his side arm and said to Ms. Howard very aggressively, "CALM DOWN, STAY IN YOUR SEAT!" Ms. Howard became agitated at Ofc. Brophy's response to her request and they began to go back and forth about the issue of officers not wearing masks. A female officer appeared and Ofc. Brophy walked away. Ms. Howard looked at the SFPD search warrant and saw the name Sarah Jones. Thinking that may be the supervising officer Ms. Howard asked the female officer who had replaced Ofc. Brophy, to please speak with Sarah Jones. That female officer was Sara Jones. Ms. Howard asked if she was the supervising officer and she replied, "No!" Ms. Howard then asked Ofc. Jones to speak with the supervising officer because the SFPD officers were not wearing their masks and she wanted them to do so immediately. A supervising officer finally approached Ms. Howard and he assured her he would make sure the officers wore their masks while inside Ms. Howard's home. After that Ms. Howard still noticed that some officers did not wear face coverings, and of those who did have on face coverings, non wore the mandated N95 masks, mandated by the City and County for its employees. The unmasked officers were grossly negligent and presented a danger to Ms. Howard and her family by not adhering to the mask mandate of its employees by the City and Couty of San Francisco. PLEASE SEE THE ATTACHMENT FOR FURTHER EXPLANATION.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

UNLIMITED CIVIL CLAIM AGAINST THE CITY OF SAN FRANCISCO,
SAN FRANCISCO POLICE DEPARTMENT, E. OCHOA, S. JONES, T. BROPHY

**CLAIMANTS: Lenika Howard, Rameia Appleton, Khaylum Richard-Howard, Terry Franklin Jr.**

**Attachment**

**Location of Incident or Accident:**

Ms. Howard and her family were injured by SFPD and Newark PD while at her home in Newark CA at 37174 Saint Matthew Drive and at a tire repair business in Newark, California.

**Basis of Claim:**

On the afternoon of April 22, 2021, officers from the San Francisco Police Department (SFPD) damaged Ms. Howard's property and invaded the privacy of her and her family while executing a search warrant. SFPD officer Eduard Ochoa threatened the safety of her family, especially her eldest son, Terry Franklin Jr., who SFPD labeled a "violent gang member" without proof or probable cause. That negative label put Ms. Howard's son's life in danger with law enforcement. SFPD also directed Newark police officers to secure Ms. Howard's home and begin the search without SFPD present and without a search warrant for Newark police; the Newark PD Special Weapons and Tactics officers used excessive force to execute the search warrant, exceeded the scope of the search, and damaged Ms. Howard's property.

That day at about 1:30 p.m., Ms. Howard was at her home with her youngest son, Khaylum Richard-Howard, daughter-in-law, Rameia Appleton, and two-year-old granddaughter, Ta'Meia Franklin, when 10-12 officers of the Newark Police Department Special Weapons and Tactics (SWAT) team descended upon her house. None of the occupants inside Ms. Howard's home were named in the search warrant nor were they subjects of the investigation. Ms. Howard learned later that the person SFPD was looking for, her eldest son Terry Franklin, had already been detained at a different location, and the Newark PD SWAT was aware of that during the detention of Ms. Howard and her family members. Newark police officers pointed almost a dozen assault rifles at Ms. Howard and her family, including her two-year-old granddaughter and instructed them to stand across the street while officers searched her home.

At the command of a loud voice coming from a megaphone Ms. Howard and her family exited her home. Newark PD SWAT officers told her not to look at her front door and to face away from the house. Ms. Howard asked one of the Newark PD SWAT officers to see the search warrant. An officer informed Ms. Howard that SFPD had a search warrant, but the Newark Police Department did not. Nonetheless, Newark officers conducted a search of her home for approximately 20 minutes before SFPD arrived. One of the officers also adjusted Ms. Howard's home surveillance cameras—which were positioned to surveil the front of Ms. Howard's house—so that the cameras could not capture the officers' actions. While moving Ms. Howard's surveillance camera the officer broke the camera. The repositioning of Ms. Howard's surveillance cameras caused Ms. Howard and her family extreme anxiety, anger, and stress as

surveillance cameras caused Ms. Howard and her family extreme anxiety, anger, and stress as they perceived that as abnormal behavior. While conducting the search of Ms. Howard's home the Newark PD SWAT officers tore up the artificial grass in the courtyard of Ms. Howard's home, and pulled the wood paneling off the walls, which damaged the wall, panel, and courtyard. They searched beyond what was in plain view in violation of the law.

When SFPD plain clothes officers arrived, one of the officers was driving Ms. Appleton's vehicle on a flat tire, damaging the vehicle's tire and rim. As SFPD began entering Ms. Howard's home Ms. Howard and her family members were permitted to re-enter the home. Ms. Howard was not listed as a person to be searched or otherwise detained. Neither were any of her relatives who were at the home during the search. They were kept in the front room in chairs, while the officers conducted the search. Ms. Howard politely asked for the search warrant and was given one sheet of paper with limited information pertaining to the search warrant. Ms. Howard also politely requested that all officers wear masks while they were in her home due to the COVID-19 pandemic, but most still refused to do so, and those who did were not wearing the mandated N95 masks, which, at the time, was a mandate of San Francisco City and County workers while on duty.

One of the SFPD officers named Brophy was posturing in a threatening manner, holding his hand on his sidearm while standing guard in front of Ms. Howard and her family members as they sat quietly in the chairs watching while the other SFPD officers ransacked her home. When Ms. Howard asked officer Brophy to speak with the supervising officer because the officers were not wearing masks, officer Brophy became agitated, grabbed at his sidearm with one hand and held up the palm of his other hand towards Ms. Howard's face and told her to "just calm down!" His posturing, tone of voice and body language was threatening to Ms. Howard and her family. In cooperation with the search warrant Ms. Howard provided SFPD officers with her car keys, as her car was listed on the search warrant. Officers searched her car, and while doing so, damaged Ms. Howard's vehicle by ripping off the panel nearest to her gas pedal and damaging the middle console by trying to lift it up and separate it. And the seal became detached leaving a gapped space in her middle console as well.

When Ms. Howard asked to use the restroom, a male SFPD officer accompanied her, and waited outside the bathroom door while Ms. Howard relieved herself. While Ms. Howard was using the restroom, the officer who escorted her to the restroom spoke loudly to another male officer and in a demeaning manner about Ms. Howard's need to use the restroom, causing her fear, anxiety, and embarrassment. Officer Eduard Ochoa made subtle threats to Ms. Howard's son, Terry Franklin Jr.'s, safety. Officer Ochoa and another male officer escorted Ms. Howard to her bedroom alone and began interrogating her. Officer Ochoa said to Ms. Howard, "Your son Terry is a very violent person and if I were you, I would get him and run as far away from California as I can get. If I, were you, I would get out of California fast! You know Tre 4 gangsters? You know Double Rock? We know all about their beef! Those guys are dangerous, and your son is too!" Ms. Howard alleges that Officer Ochoa insinuated that her son would kill, be killed, and/or go to jail. Ms. Howard interpreted what Officer Ochoa said as a threat to her son's life.

By the time SFPD and Newark police officers finished executing the search warrant, Ms. Howard's home was in complete disarray and much of her property was damaged. During the

search, Ms. Howard saw multiple officers throughout her home without any masks on, and those who were donning masks were not wearing the required N95 masks nor were they wearing gloves. The officers were rifling through Ms. Howard's personal belongings, closets, bathroom medicine cabinet, storage boxes, documents, dresser drawers and file cabinets, throwing things around and leaving her personal belongings in piles in the middle of the floor. In addition to damaging the artificial grass laid in the courtyard in the hallway of Ms. Howard's home, the wood paneling in the courtyard along the wall was damaged, officers broke her pullout couch bed and an antique item that was in her home. They also broke a tool storage drawer and a fan in Ms. Howard's garage and completely dismantled her entire garage, leaving piles and heaps of her items strewn all over the garage and back yard. Furthermore, officers damaged her legally owned security tactical vest by removing its metal plates, and subsequently the plates have disappeared as they are not listed as evidence confiscated. In addition to the missing metal plates, Ms. Howard noticed that another item was missing from her home, which she describes as purple Limited Edition Giorgio Armani sunglasses.

Ms. Howard alleges that in an effort to match items listed in previous search warrants of her relative's homes, SFPD officers listed items seized during the search warrant at her home incorrectly using the wrong names and brands for items seized.

The actions of both police departments traumatized Ms. Howard and her family, and they are haunted by the events still to this day! Ms. Howard's neighbors later informed her, and the owner of the home Ms. Howard was renting, that the Newark PD SWAT team entered their backyards and climbed on their roofs to access Ms. Howard's home. Because of the Newark PD SWAT team's actions, Ms. Howard's neighbors labeled her and her family as criminals, spread rumors that Ms. Howard and her family made the neighborhood unsafe, and she and her family members were made to feel unwelcome. The rumors about Ms. Howard and her family caused them extreme stress and anxiety which made them unable to enjoy their home life in the neighborhood.

SFPD violated Ms. Howard's Fourth Amendment rights as well as the Fourth Amendment rights of the occupants of her home on April 22, 2021, individually and through their agents, the Newark Police Department. Newark police officers swarmed her home in tactical gear while aiming assault rifles at Ms. Howard and her family, including her two-year-old Autistic granddaughter. This was an unreasonable and unnecessarily dangerous way to conduct the search. None of the individuals in Ms. Howard's home at the time of the search were the focus of a criminal investigation, and SFPD had already instructed Newark officers that the person being investigated had already been detained. Further, there was no evidence that the officers would be outnumbered or that Ms. Howard's family would be hostile to police.

Ms. Howard's Fourth Amendment rights were further violated on April 22, 2021, when the Newark Police Department searched her home without a warrant, even though there were no exigent circumstances. SFPD had a search warrant, but the Newark Police Department did not. While Newark Police officers were permitted to accompany SFPD officers, they entered Ms. Howard's home without SFPD and conducted an invasive search that exceeded what was permitted under the circumstances.

Additionally, SFPD and Newark police officers unnecessarily damaged Ms. Howard's property while executing the April 22, 2021, search warrant. The officers' destructive conduct was unrelated to the search and was unreasonable. SFPD officers devalued Ms. Howard's car by damaging the middle console and floor panel of her vehicle. In addition to damaging Ms. Howard's vehicle, her daughter-in-law, Rameia Appleton's legally owned firearm was confiscated and listed as "evidence" instead of Ms. Appleton's property. Ms. Appleton sustained damage to her vehicle due to the negligent handling of her property by SFPD. As stated previously an SFPD officer was seen driving Ms. Appleton's car on a flat tire with the rim scraping the ground by Ms. Appleton and Ms. Howard. Ms. Appleton and Mr. Franklin allege that SFPD officers sliced Ms. Appleton's front driver side tire the night before the search warrant in an effort to force Mr. Franklin to be away from Ms. Howard's home while the search warrant was executed, and in a vulnerable position to be arrested the morning of April 22, 2021. During the apprehension of Mr. Franklin at the tire repair shop in Newark CA, Mr. Franklin alleges that officer Ochoa used derogatory language prohibited by SFPD policy and delivered threatening messages to him from a gang member (identified as such by Officer Ochoa). Officer Ochoa unprovokedly called Mr. Franklin a "bitch," and officer Ochoa also told Mr. Franklin that a "Tre 4 gang member named Turk," has been looking for him [Mr. Franklin] and [Turk] told officer Ochoa to tell Mr. Franklin he [Turk] is looking for him [Mr. Franklin] and for him [Mr. Franklin] to come outside. Officer Ochoa and other SFPD officers called Mr. Franklin "Bayview's Most Wanted Gang Member!" Mr. Franklin has never been arrested for gang violence, gang crimes or anything associated with a gang. Ms. Howard alleges that the labeling of her son, Mr. Franklin, as a "violent gang member" by SFPD has put Mr. Franklin's life in danger.

On April 23, 2021, SFPD officers published and posted a misleading Twitter post on their official SFPD Twitter page, publicly labeling Ms. Howard's son, Terry Franklin, a "violent gang member" without proof or cause and listing the city and area of Ms. Howard's residence in the Twitter post. Officers also falsely identified Ms. Appleton's legally owned firearm in the Twitter post, claiming it to be an illegal firearm found during the search warrant at Ms. Howard's home on April 22, 2021. In the Twitter post SFPD officers asserted that Mr. Franklin was a "violent gang member," and to the Newark PD SWAT as well, which caused the Newark PD SWAT to approach Ms. Howard's home in the manner they did, and to treat Ms. Howard and her family like hostile suspects. Ms. Howard filed a complaint with the San Francisco Department of Police Accountability against the SFPD, Officers Eduard Ochoa and Brophy on May 14, 2021. On May 25, 2021, a masked stranger showed up to Ms. Howard's home and aggressively approached Ms. Howard while interrogating her about who was inside her residence. Upon Ms. Appleton and Mr. Franklin diverting the attention away from Ms. Howard the masked gunman opened fire on the vehicle that Mr. Franklin, Ms. Appleton and their 2-year-old daughter, Ta'Meia Franklin, were sitting in. Ms. Appleton and her child were nearly killed, barely missed being hit by bullets as Ms. Appleton quickly grabbed her daughter and ran down the street for safety, meanwhile Ms. Howard dove under her vehicle to take cover from the flying bullets and Mr. Franklin was injured. After the gunman left the area Ms. Howard, Ms. Appleton, Mr. Franklin and his daughter quickly left in Ms. Howard's vehicle and went into hiding because they were and still are in fear for their lives. Ms. Howard immediately began moving out of her home 2 days later.

Ms. Howard and her family believe that Officer Ochoa and/or other officers of the SFPD are partly responsible for the attempt on their lives either via intentional orchestration or leaking the address of Mr. Franklin to someone associated with the "Tre 4" gang officer Ochoa passed a

message to Mr. Franklin for. Ms. Howard and her family lost their sense of safety on May 25, 2021. Further exacerbating the perception of danger to Ms. Howard and her family, on May 26, 2021, at 2AM, Newark PD broke into Ms. Howard's home to execute a search warrant for the attempted murder on May 25, 2021. On May 27, 2021, as Ms. Howard was walking through the front door of her home for the first time since the attempted murder of her family 2 days prior, she realized her home had been broken into. She walked past a damaged front door, a family room that had been destroyed and was in a disarray and came upon her dining room table which had many of her important documents strewn about on top of it. As she looked closer, she saw a search warrant from the Newark Police Department. Ms. Howard's Fourth Amendment rights were violated again by Newark PD as there was no probable cause to enter Ms. Howard's home. The Newark PD investigators Todd Nobby and Andrew Musantry towed Ms. Howard's vehicle as a "vehicle suspected to be involved in a crime" leaving her and her family without transportation for weeks until Ms. Howard was successful in getting an Alameda County DA to return it to her. Newark PD towed Ms. Appleton's vehicle as "evidence" because it was riddled with bullets but would not release any of the property inside of the vehicle, including but not limited to the car seat for Ms. Appleton's daughter, Ms. Appleton's purse, identification, wallet and credit cards. Ms. Howard and Ms. Appleton's property inside of the vehicles was not returned until weeks later. Ms. Howard and Ms. Appleton lost wages and Ms. Appleton's daughter was dropped from her Behavioral Therapy because the family was unable to transport her to and from the service provider. Ms. Howard's vehicle was damaged extensively by Newark PD due to Newark PD Officer Laura deSilva placing over a dozen evidence stickers and excessive black powder in and around Ms. Howard's vehicle, damaging the interior of the vehicle and the exterior paint. Ms. Appleton's vehicle remains in the Newark PD impound as "evidence." Ms. Appleton has been without transportation but has continued to pay the finance company and insurance company, since May 25, 2021. Ms. Appleton's legally owned firearm has not been returned by SFPD and Ms. Howard's legally owned ammunition, protective gear, and other firearm related items have not yet been returned to them by Newark PD nor has Ms. Appleton's DROS documents for her legally owned firearms been returned by Newark PD. The actions of the SFPD and Newark PD resulted in Ms. Howard and her family member's injuries.

Finally, Ms. Howard and her family continue to suffer from emotional distress and mental anguish as a result of SFPD's actions on April 22, 2021, and April 23, 2021, which Ms. Howard and her family allege led to their attempted murder. By labeling Mr. Franklin, a "violent gang member" without proof, arrest, just cause, or anything linking him to, or identifying him as a "violent gang member" SFPD has endangered the lives of Mr. Franklin and his family. The whole family now suffer from PTSD, depression, anxiety, and insomnia.

The anxiety, depression and insomnia experienced were significant enough that a doctor prescribed Ms. Howard medication to treat it. Ms. Howard and her family were displaced from their permanent housing and are still in hiding. Ms. Howard spent thousands of dollars on moving, temporary housing, transportation and storage expenses because she and her family felt unwelcome, unprotected and unsafe in their neighborhood after the described incidents. The SFPD's decision to use excessive force, label Mr. Franklin a "violent gang member" and invade Ms. Howard and her family's privacy while executing their search warrant caused them injuries.

**Description of Claimant's Injury, Property Damage, or Loss:**

As a result of the wrongful actions of the City of San Francisco and the San Francisco Police Department, Ms. Howard's injuries include but are not limited to: violations of U.S. Const., Amend. IV—42 U.S.C. § 1983; violations of U.S. Const., Amend. XIV—42 U.S.C. § 1983; violations of Cal. Const., Art. I, § 1,13; violations of the Bane Act—Cal. Civ. Code § 52.1; trespass to chattels; conversion; invasion of privacy; intentional infliction of emotional distress; and negligence.

Ms. Howard and her family's injuries include but are not limited to: thousands of dollars' worth of moving, storage, temporary housing and transportation expenses, lost wages, property loss and damage, emotional distress, mental anguish and mental pain, suffering and psychological trauma, shock, anxiety, and inconvenience. Mr. Franklin suffered physical injuries from the attempt on his life and the lives of his family. The assault on the reputation of Mr. Franklin and him being labeled a "violent gang member" put his life in direct danger when encountering law enforcement of any kind. The label of "violent gang member" stays with an individual forever concerning law enforcement. The treatment of Ms. Howard and her family as suspects by Newark PD instead of victims has caused injury by denying them the ability and right to receive victim compensation benefits from the State of California Victim Compensation Board. This treatment is a direct causation of the false narrative placed on Mr. Franklin as a "violent gang member" by SFPD and officer Ochoa and presented a direct threat to Mr. Franklin's safety and the safety of everyone in Ms. Howard's home on April 22, 2021. And subsequently the threat made to Mr. Franklin's life by officer Ochoa passing a message from a known gang member (by officer Ochoa's own admission) and the act of trying to link Mr. Franklin to gang activity without cause by officer Eduard Ochoa, potentially caused Mr. Franklin to be stalked by a masked gunman, shot at multiple times, injured, as well as causing trauma, post-traumatic stress and anxiety to Ms. Howard's entire family. Ms. Howard and her family do not feel safe anywhere! They do not trust any law enforcement agencies, and we are unable to access resources designed for victims of crimes, which is causing more stress, anxiety and harm to Ms. Howard and her family, due to financial stain.

Ms. Howard's damages and the damages of her family members include past and present damages for pain, suffering, emotional distress, humiliation, violation of civil rights, lost wages, damage to property, and/or other special damages in amounts to be determined according to proof. Ms. Howard and her family may also be entitled to punitive damages against the San Francisco and Newark Police Departments, employees, agents and/or servants and/or each of them who are liable for the injuries and/or damages alleged herein.

**Name, I.D. Number, and City Department of City Employee who Allegedly Caused Injury or Loss:**

All the names of the other officers and agents of the San Francisco Police Department who injured Ms. Howard and her family are not known at this time. Ms. Howard and Mr. Franklin are only able to identify the individual who threatened Mr. Franklin's safety as officer Eduard Ochoa. Ms. Howard is unable to identify all of the officers who searched her home on April 22, 2021, she only remembers two names in addition to Eduard Ochoa and those names are Sarah Jones and T. Brophy. It was a chaotic scene because nearly two dozen armed officers from two

different police departments searched Ms. Howard's house. Because of all the stress, anxiety, and fear, as well as the number of officers in the home, Ms. Howard was unable to identify and record the names of all of the officers present. Ms. Howard was also forced by SFPD to remain in the living room, and so did not see which individual officers damaged her property.